**REDACTED COPY**

**SEALED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
2012 AP -4 AM 11: 44
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY:_____
       DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA § | Cause No.: |
| § | |
| v. § | **INDICTMENT** |
| § | |
| § | [Vio: <u>COUNTS ONE-ELEVEN</u>: 18 U.S.C. §§ 554(a) & 2, Aiding and Abetting Smuggling Goods from the United States] |
| RICHARD HESLES, JR., § | |
| DAMIEN HESLES § | |

**DR12CR0557**

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[18 U.S.C. §§ 554(a) & 2]

On or about March 15, 2010, in the Western District of Texas, the Defendants,

**RICHARD HESLES, JR.,
DAMIEN HESLES,**

did knowingly and unlawfully aid and abet the exportation or attempted exportation from the United States, of any merchandise, article, or object, to wit: ammunition, which are defense articles as defined by the United States Munitions List, contrary to any law or regulation of the United States, in that the Defendants had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Section 2778(b)(2) and 2778(c) and Title 22, Code of Federal Regulations, Parts 121, 123, & 127, all in violation of Title 18, United States Code, Sections 554(a) & 2.

<u>COUNT TWO</u>
[18 U.S.C. §§ 554(a) & 2]

On or about April 9, 2010, in the Western District of Texas, the Defendant,

**RICHARD HESLES, JR.,**

did knowingly and unlawfully aid and abet the exportation or attempted exportation from the United States, of any merchandise, article, or object, to wit: 500 rounds of .40 caliber ammunition, which

are defense articles as defined by the United States Munitions List, contrary to any law or regulation of the United States, in that the Defendant had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Section 2778(b)(2) and 2778(c) and Title 22, Code of Federal Regulations, Parts 121, 123, & 127, all in violation of Title 18, United States Code, Sections 554(a) & 2.

## COUNT THREE
[18 U.S.C. §§ 554(a) & 2]

On or about March 1, 2011, in the Western District of Texas, the Defendants,

**RICHARD HESLES, JR.,
DAMIEN HESLES,**

did knowingly and unlawfully aid and abet the exportation or attempted exportation from the United States, of any merchandise, article, or object, to wit: ammunition, which are defense articles as defined by the United States Munitions List, contrary to any law or regulation of the United States, in that the Defendants had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Section 2778(b)(2) and 2778(c) and Title 22, Code of Federal Regulations, Parts 121, 123, & 127, all in violation of Title 18, United States Code, Sections 554(a) & 2.

## COUNT FOUR
[18 U.S.C. §§ 554(a) & 2]

On or about March 16, 2011, in the Western District of Texas, the Defendant,

**RICHARD HESLES, JR.,**

did knowingly and unlawfully aid and abet the exportation or attempted exportation from the United States, of any merchandise, article, or object, to wit: 2,500 rounds of ammunition, which are defense articles as defined by the United States Munitions List, contrary to any law or regulation of the United States, in that the Defendants had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Section 2778(b)(2) and 2778(c) and Title 22,

Code of Federal Regulations, Parts 121, 123, & 127, all in violation of Title 18, United States Code, Sections 554(a) & 2.

## COUNT FIVE
[18 U.S.C. §§ 554(a) & 2]

On or about March 16, 2011, in the Western District of Texas, the Defendant,

RICHARD HESLES, JR.,

did knowingly and unlawfully aid and abet the exportation or attempted exportation from the United States, of any merchandise, article, or object, to wit: 300 assault rifle magazines, which are defense articles as defined by the United States Munitions List, contrary to any law or regulation of the United States, in that the Defendants had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Section 2778(b)(2) and 2778(c) and Title 22, Code of Federal Regulations, Parts 121, 123, & 127, all in violation of Title 18, United States Code, Sections 554(a) & 2.

## COUNT SIX
[18 U.S.C. §§ 554(a) & 2]

On or about October 19, 2011, in the Western District of Texas, the Defendants,

RICHARD HESLES, JR.,
DAMIEN HESLES,

did knowingly and unlawfully aid and abet the exportation or attempted exportation from the United States, of any merchandise, article, or object, to wit: 100 rounds of .50 caliber ammunition, which are defense articles as defined by the United States Munitions List, contrary to any law or regulation of the United States, in that the Defendant had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Section 2778(b)(2) and 2778(c) and Title 22, Code of Federal Regulations, Parts 121, 123, & 127, all in violation of Title 18, United States Code, Sections 554(a) & 2.

COUNT SEVEN
[18 U.S.C. §§ 554(a) & 2]

On or about October 19, 2011, in the Western District of Texas, the Defendants,

RICHARD HESLES, JR.,
DAMIEN HESLES,

did knowingly and unlawfully aid and abet the exportation or attempted exportation from the United States, of any merchandise, article, or object, to wit: 63 firearm magazines, which are defense articles as defined by the United States Munitions List, contrary to any law or regulation of the United States, in that the Defendant had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Section 2778(b)(2) and 2778(c) and Title 22, Code of Federal Regulations, Parts 121, 123, & 127, all in violation of Title 18, United States Code, Sections 554(a) & 2.

COUNT EIGHT
[18 U.S.C. §§ 554(a) & 2]

On or about November 2, 2011, in the Western District of Texas, the Defendant,

RICHARD HESLES, JR.,

did knowingly and unlawfully aid and abet the exportation or attempted exportation from the United States, of any merchandise, article, or object, to wit: ammunition for both AK-47 and AR-15 assault rifles, which are defense articles as defined by the United States Munitions List, contrary to any law or regulation of the United States, in that the Defendant had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Section 2778(b)(2) and 2778(c) and Title 22, Code of Federal Regulations, Parts 121, 123, & 127, all in violation of Title 18, United States Code, Sections 554(a) & 2.

COUNT NINE
[18 U.S.C. §§ 554(a) & 2]

On or about November 2, 2011, in the Western District of Texas, the Defendant,

RICHARD HESLES, JR.,

did knowingly and unlawfully aid and abet the exportation or attempted exportation from the United States, of any merchandise, article, or object, to wit: assault rifle magazines, which are defense articles as defined by the United States Munitions List, contrary to any law or regulation of the United States, in that the Defendant had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Section 2778(b)(2) and 2778(c) and Title 22, Code of Federal Regulations, Parts 121, 123, & 127, all in violation of Title 18, United States Code, Sections 554(a) & 2.

## COUNT TEN
[18 U.S.C. §§ 554(a) & 2]

On or about February 15, 2012, in the Western District of Texas, the Defendant,

RICHARD HESLES, JR.,

did knowingly and unlawfully aid and abet the exportation or attempted exportation from the United States of any merchandise, article, or object, to wit: 3,500 rounds of ammunition, which are defense articles as defined under Category I of the United States Munitions List, contrary to any law or regulation of the United States, in that the Defendant had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) & 2778(c) and Title 22, Code of Federal Regulations, Parts 121, 123, & 127, all in violation of Title 18, United States Code, Sections 554(a) & 2.

## COUNT ELEVEN
[18 U.S.C. §§ 554(a) & 2]

On or about February 17, 2012, in the Western District of Texas, the Defendants,

RICHARD HESLES, JR.,
DAMIEN HESLES

did knowingly and unlawfully aid and abet the exportation or attempted exportation from the United States of any merchandise, article, or object, to wit: firearm sights, which are defense articles as defined under Category I of the United States Munitions List, contrary to any law or regulation of

the United States, in that the Defendant had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) & 2778(c) and Title 22, Code of Federal Regulations, Parts 121, 123, & 127, all in violation of Title 18, United States Code, Sections 554(a) & 2.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

### I.
### Smuggling Forfeiture Statutes and Violations
[Title 18 U.S.C. § 554(a), subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), and Title 19 U.S.C. § 1595a(d); and Title 22 U.S.C. § 2778, subject to forfeiture pursuant to Title 22 U.S.C. § 401(a). *See* Fed. R. Crim. P. 32.2]

As a result of the foregoing criminal violations as set forth in Counts One - Eleven, and Thirteen referenced above, which are punishable by imprisonment for more than one year, Defendants RICHARD HESLES, JR. and DAMIEN HESLES shall forfeit the property described below to the United States pursuant to Rule 32.2 Fed. R. Crim. P.; Title 18 U.S.C. § 554(a), subject to forfeiture by Title 18 U.S.C. § 981(a)(1)(C) and Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461; and Title 22 U.S.C. § 2778, subject to forfeiture by Title 22 U.S.C. § 401(a), which state the following:

> **Title 18 U.S.C. § 981.**(a)(1) The following property is subject to forfeiture to the United States:
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.
>
> **Title 18 U.S.C. § 1595a(d).** Merchandise exported or sent from the United States or attempted to be exported or sent form the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise . . . or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.
>
> **Title 22 U.S.C. § 401.**(a) Seizure and forfeiture of materials and carriers. Whenever an attempt is made to export or ship from or take out of the United States any arms or munitions of war or other articles in violation of law . . . any person duly authorized for the purpose by the President, may seize and detain such arms or munitions of war or other articles and may seize and detain any vessel, vehicle . . . which has been used or is being used in exporting or

attempting to export such articles. All arms or munitions of war and other articles, vessels, vehicles, and aircraft seized pursuant to this subsection shall be forfeited.

This Notice of Demand for Forfeiture includes but is not limited to the property described in paragraph III below.

## II.
## Money Judgments

This Notice of Demand for Forfeiture includes but is not limited to the following described Money Judgments of Forfeiture:

A sum of money amounting to **Fifty Eight Thousand Four Hundred Fourteen dollars and no cents ($58,414.00)**, which represents property involved in and/or used to facilitate the violations set out in the Counts referenced above, and for which Defendant RICHARD HESLES, JR. is liable.

A sum of money amounting to **Forty Two Thousand Six Hundred Thirty Four dollars and no cents ($42,634.00)**, which represents property involved in and/or used to facilitate the violations set out in the Counts referenced above, and for which Defendant DAMIEN HESLES is liable.

## III.
## Substitute Assets

If any of the property described above as being subject to forfeiture for violations of Title 18 U.S.C. § 554(a) and Title 22 U.S.C. § 2778, and subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), Title 19 U.S.C. § 1595a(d), Title 22 U.S.C. § 401(a), and Title 18 U.S.C. § 924(d)(1) as a result of any act or omission of Defendants RICHARD HESLES, JR. and DAMIEN HESLES:

    a.   cannot be located upon the exercise of due diligence,
    b.   has been transferred or sold to, or deposited with, a third person,
    c.   has been placed beyond the jurisdiction of the Court,
    d.   has been substantially diminished in value, or
    e.   has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States of America to seek forfeiture of any other property, to include the above-described property, up to the value of the money judgments as substitute assets pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

ROBERT PITMAN
United States Attorney

By: _____
MICHAEL C. GALDO
Assistant United States Attorney

SEALED:
UNSEALED: XX

PERSONAL DATA SHEET
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION **DR12CR0557**

COUNTY: <u>MAVERICK</u>          USAO#: <u>2012R02232</u>

DATE: <u>April 4, 2012</u>          MAG. CT. #:

AUSA: <u>MICHAEL C. GALDO</u>

DEFENDANT: <u>RICHARD HESLES, JR.</u>

CITIZENSHIP: <u>UNITED STATES</u>

INTERPRETER NEEDED: <u>NO</u>          Language: <u>ENGLISH</u>

DEFENSE ATTORNEY:

ADDRESS OF ATTORNEY:

DEFENDANT IS:          DATE OF ARREST:

BENCH WARRANT NEEDED:

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>

OFFENSE: (Code & Description): <u>COUNTS 1-11: 18 U.S.C. § 554 - Smuggling Goods from the United States.</u>

OFFENSE IS A: <u>FELONY</u>

MAXIMUM SENTENCE: <u>All COUNTS: 10 years imprisonment; a $250,000 fine; 3 years of supervised release; and a $100 special assessment.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>See above</u>

W/DT-CR-3

SEALED:
UNSEALED: XX

## PERSONAL DATA SHEET
## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

**DR12CR0557**

COUNTY: <u>MAVERICK</u>    USAO#: <u>2012R02232</u>

DATE: <u>April 4, 2012</u>    MAG. CT. #:

AUSA: <u>MICHAEL C. GALDO</u>

DEFENDANT: <u>DAMIEN HESLES</u>

CITIZENSHIP: <u>UNITED STATES</u>

INTERPRETER NEEDED: <u>NO</u>    Language: <u>ENGLISH</u>

DEFENSE ATTORNEY:

ADDRESS OF ATTORNEY:

DEFENDANT IS:    DATE OF ARREST:

BENCH WARRANT NEEDED:

PROBATION OFFICER: <u>N/A</u>

NAME AND ADDRESS OF SURETY: <u>N/A</u>

YOUTH CORRECTIONS ACT APPLICABLE: <u>NO</u>

PROSECUTION BY: <u>INDICTMENT</u>

OFFENSE: (Code & Description): <u>COUNTS 1, 3, 6, 7, 11: 18 U.S.C. § 554 - Smuggling Goods from the United States.</u>

OFFENSE IS A: <u>FELONY</u>

MAXIMUM SENTENCE: <u>ALL COUNTS: 10 years imprisonment; a $250,000 fine; 3 years of supervised release; and a $100 special assessment.</u>

PENALTY IS MANDATORY: <u>YES & NO</u>

REMARKS: <u>See above</u>

W/DT-CR-3